**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

MOWLID MOHAMED ABDILLAHI,

    Petitioner,

    v.

KEVIN RAYCRAFT, Acting Director of
Enforcement and Removal Operations,
Detroit Field Office, Immigration and
Customs Enforcement, et al.,

    Respondents.

Case No. 1:26-CV-366

Judge Michael R. Barrett

**ORDER**

    Petitioner Mowlid Mohamed Abdillahi, currently in custody at the Butler County Jail on behalf of federal immigration authorities, seeks a writ of habeas corpus under 28 U.S.C. § 2241. Respondents have filed a return, (Doc. 7), and Petitioner has replied, (Doc. 8). The Court previously ordered Respondents to respond to Petitioner's assertion that his removal to a third country is not reasonably foreseeable. (Doc. 9).

    Despite Respondents' assertion that they were "presently working to facilitate Petitioner's removal to Equatorial Guinea," and therefore, "Petitioner's removal is not indefinite nor potentially permanent," (Doc. 10, PageID 161), two months have passed with no update. Respondents have been unable to effect Petitioner's removal since it became administratively final in 2010, which further elevates the "danger of indefinite detention [when] there is no significant likelihood of removal in the reasonably foreseeable future." *Jiang Lu v. U.S. Dep't of Immigration and Customs*

*Enforcement*, 22 F.Supp.3d 839, 843 (N.D. Ohio 2014); *Zadyvdas v. Davis*, 533 U.S. 678, 689-90 (2001).[1]

Accordingly, within twenty-one (21) days of this order, Respondents are **ORDERED** to (1) show that Petitioner's removal to a third country is reasonably foreseeable; and (2) provide any additional details, including available documentation, on the steps taken to secure travel documents or facilitate Petitioner's removal.

**IT IS SO ORDERED.**

*/s/ Michael R. Barrett*
Michael R. Barrett
United States District Judge

---

[1] The Court joins with others in holding that a "prior period of post-final order detention should be aggregated with the current period of [detention] in determining whether petitioner remains within the presumptively reasonable six-month period." *Asfestani v. Current of Acting Field Off. Dir.*, No. 1:25-CV-1562, 2025 U.S. Dist. LEXIS 262050, at *11-12 (E.D. Cal. Dec. 18, 2025).